**In re Concealed Deadly Weapon Application of John LEE Permit No. K110000737.**

Superior Court of Delaware, Kent County.

Submitted: Aug. 15, 2013.
Decided: Aug. 21, 2013.

---

Mr. John Lee, pro se.

Kathleen A. Dickerson, Esquire of the Department of Justice, Dover, Delaware; attorney for the State.

## OPINION

WITHAM, R.J.

The Department of Justice has moved by letter to compel the surrender and revocation of permit holder John Lee's Carry a Concealed Deadly Weapon ("CCDW") Permit # K110000737 (herein after referred to as "permit holder") as a consequence and result of an investigation into an incident where the permit holder brandished a hand gun from a holster during a disagreement with a subcontractor of his construction company. It is alleged that this was a tactic to intimidate the man with whom the permit holder merely had an issue with the nature of the work of the subcontractor making this a business controversy.

Currently, the permit holder has a CCDW permit that was the subject of opposition by the State and eventually granted by decision of this Court on appeal in May of 2012. The permit will expire on May 31, 2015. The Court will take judicial notice of the fact that Mr. Lee had some tax issues from 2009 and 2010 that required resolution as well as a civil matter involving a dispute with a former customer

which was originally the subject of a criminal matter. The Court granted the license on the condition that these prior matters be resolved.

Title 11 Delaware Code, Section 1441 requires that a permit may be issued to a person of full age and good moral character desiring to be licensed to carry a concealed deadly weapon for the protection of his person or property. Delaware law requires that, in addition, the permit holder be a person of sobriety and bear a good reputation for peace and good order in the community in which the applicant resides.

A hearing was conducted on August 15, 2013 and the Court heard argument and testimony from the State, along with argument and testimony from the permit holder. The Court accepts as a part of the record the New Castle County Police Department Complaint # 32–13–056971 recording facts of an incident taking place on May 30, 2013. The facts, as elicited from the hearing, indicate that the permit holder had a meeting with Mr. Devon Bolden, a subcontractor for his business. The permit holder was carrying his Smith & Wesson Bodyguard 380 pistol in his holster either on his ankle or in his pant leg. The issue of dispute could not be resolved on the phone so the parties agreed to meet on the work site. At the site the permit holder contends that Mr. Bolden was agitated and wanted his final payment to pay bills. Apparently, he had not completed the work properly, resulting in the dispute. The permit holder claims that Mr. Bolden grabbed his arm with verbal threats that he was going to break him. He also said that the subcontractor made a motion toward his throat. He admits pulling the weapon. These facts do not appear in the police report, in particular, the statement that the subcontractor grabbed his arm or reached for his throat. He appears to believe that he felt that his life was in

danger. A number of officers showed up at the site and it was determined that the police would retain his weapon for safekeeping in reference to a review by the Delaware Attorney General's office.

There are factual discrepancies in the testimony presented. The permit holder claims that the confrontation was in close quarters and a fence blocked his escape. This does not appear in the report. He did resolve the issue by settlement and this was reported in the police report. He also continued to have contact with Mr. Bolden after the fact.

I have the responsibility to evaluate the evidence, the police report and the credibility of the witnesses. The only testimony we have is that of the permit holder. He seems to believe that in a small contractual dispute such as this, pulling a gun is appropriate. No weapon was displayed to him prior and no threats were reported in the police report. The report indicates that there was distance between the two yet the permit holder says he did not have much room for retreat. He did not press assault charges against the subcontractor, so I find some of his testimony suspect. Pulling a gun in what is essentially a monetary dispute is not acceptable conduct by a licensed concealed permit holder.

Based on the evidence presented I am persuaded that Mr. Lee's licence must be revoked. Mr. Lee will have to demonstrate that he is of good character in the future if he desires a future permit.

This Order will remain as a permanent record in the CCDW file.

IT IS SO ORDERED.